**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MID-CENTURY INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | Honorable |
| TRAVEL ZAP, INC. d/b/a DESTIFY; | ) | |
| SUNWING TRAVEL GROUP; BLUE | ) | |
| DIAMOND HOTELS AND RESORTS; | ) | |
| WHITE DIAMOND HOTELS AND | ) | |
| RESORTS LIMITED; PAUL EWEN, | ) | |
| as Personal Representative of THE ESTATE | ) | |
| OF BABETTE EWEN, deceased; and JOHN | ) | |
| DOES 1-30. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY RELIEF**

NOW COMES, the Plaintiff, MID-CENTURY INSURANCE COMPANY ("Mid-Century"), by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, by and through its attorneys LEWIS BRISBOIS BISGAARD & SMITH, LLP, for its Complaint for Declaratory Relief and hereby states as follows:

**INTRODUCTION**

1.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of resolving an actual controversy between Mid-Century and the Defendants arising out of a Businessowners Liability Policy issued by Mid-Century to Travel Zap, Inc.

2.     In this Action, Mid-Century seeks a declaration that the insurance policy it issued to Travel Zap does not apply to the claims presented in connection with the lawsuit captioned *Paul Ewen, as Personal Representative of the Estate of Babette Ewen, deceased v. Blue Diamond Hotels and Resorts; Sunwing Travel Group; White Diamond Hotels and Resorts Limited; Travel Zap;*

1

*and Does 1-30*, pending in the United States District Court for the Eastern District of New York, bearing Docket No. 1:21-cv-03504 (the "Ewen Suit").

## PARTIES

3.      At all times relevant herein, Mid-Century was a domestic corporation operated under California law with its principal headquarters in California and authorized to write liability policies in the State of Illinois. 28 U.S.C. §1332(c)(1).

4.      At all times relevant herein, Travel Zap, Inc. ("Travel Zap") was an Illinois corporation with its headquarters in Chicago, Illinois and its registered agent located at 29 E. Madison St., Suite 400, Chicago, Illinois 60602.

5.      At all times relevant herein, Sunwing Travel Group ("Sunwing") was a corporation operating as a travel company in North America with its headquarters located at 27 Fasken Dr., Toronto, Ontario, M9W 1K6, Canada.

6.      At all times relevant herein, Blue Diamond Hotels and Resorts ("Blue Diamond") was a corporation operating as a hotel subsidiary of Sunwing Travel Group with its headquarters located at 27 Fasken Dr., Toronto, Ontario, M9W 1K6, Canada.

7.      At all times relevant herein, White Diamond Hotels and Resorts ("White Diamond") was a corporation operating as a hotel subsidiary of Sunwing Travel Group with its headquarters located at Highway A1 Mountain Spring, Montego Bay, Trelawney, Jamaica 018279.

8.      At all times relevant herein, Plaintiff's decedent, Babette Ewen ("Decedent") was a resident of Brooklyn, New York.

9.      At all times relevant herein, Plaintiff Paul Ewen as personal representative of the estate of Babette Ewen, was and is a resident of Brooklyn, New York.

2

## JURISDICTION AND VENUE

10.     This court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. §§1332(a), 1441, and 1446. Specifically, this Court has jurisdiction pursuant to §1332 because (1) the amount in controversy exceeds $75,000.00 exclusive of costs and interest, and (2) there is complete diversity of citizenship between Mid-Century and the defendants.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because the policy at issue was issued in the state of Illinois and Defendant Travel Zap's headquarters and principal place of business are located in Chicago, Illinois.

## FACTUAL ALLEGATIONS

### The Ewen Suit

12.     On January 24, 2020, Paul Ewen filed the Underlying Complaint on behalf of all potential survivors and/or beneficiaries of the Estate of Babette Ewen (the "Estate") seeking damages for the death of his wife, Babette Ewen (the "Decedent") which is alleged to have occurred on December 17, 2019. A true and accurate copy of the Underlying Complaint filed in the Ewen Suit is attached hereto as **Exhibit 1**.

13.     On December 17, 2019, the Decedent suffered a cardiac event while sitting at the pool at the Royalton Blue Waters Resort in Montego Bay, Jamaica for a friend's wedding (the "Incident"). **Ex. 1**.

14.     The Estate asserts causes of action for Wrongful Death and Survival – Conscious Pain and Suffering against all defendants for their alleged acts and/or omissions that caused or contributed to the Incident. *Id.*

15.     The Estate further asserts a claim for Breach of Contract against Travel Zap based on its alleged failure to adhere to the terms and conditions of their travel agreement. *Id.*

16. In particular, the Estate alleges that all travel accommodations were coordinated via email correspondence between Travel Zap and the Plaintiffs wherein Travel Zap contractually agreed to take all reasonable steps to ensure that proper arrangements were made with the hotel and failed to conduct an appropriate inspection of the premises.

### The Mid-Century Policy

17. From September 16, 2019 to September 16, 2020, Travel Zap maintained a Businessowner's Policy (hereinafter the "Mid-Century Policy") issued by Mid-Century, bearing policy number 605485854. A true and accurate certified copy of the Policy is attached hereto as **Exhibit 2**.

18. Travel Zap tendered the claim to Mid-Century on November 4, 2021 seeking coverage under its policy and requesting Mid-Century provide its defense in the Ewen Suit.

### COUNT I

19. Mid-Century re-states and re-alleges paragraphs 1-18 of the Complaint as if fully set forth herein.

20. The following Travel Agents and Related Operations Exclusion is added by Endorsement (E 4288) to Paragraph B.1. Exclusions applicable to the Business Liability Coverage of the Mid-Century Policy:

**EXCLUSION – TRAVEL AGENTS AND RELATED OPERATIONS**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of any act, error or omission for which the insured may be held liable:

1. Because of:
   a. Any obligation assumed by any insured, or by any person or organization for whose acts the insured is legally liable;

       b.   The failure to discharge or the improper discharge of any obligation or duty, contractual or otherwise, with respect to any contract or agreement related to travel services; or

\*\*\*

3.   Caused by or resulting from the rendering of, or failure to render, any and all travel services. Travel services as used in this endorsement may include but are not limited to:

       a.   Advertising, advising, inspecting, investigating, or making recommendations in the insured's capacity as a travel agent, consultant, broker or an agent or representative thereof[.]

**Ex. 2.**

21.     The Underlying Complaint specifically alleges that Travel Zap contractually agreed to take all reasonable steps to ensure that proper arrangements were made with the hotel.

22.     The Underlying Complaint further alleges that Travel Zap failed to conduct appropriate inspection of the premises by not ensuring that a functioning defibrillator was available on the premises.

23.     The Mid-Century Policy specifically precludes coverage for any matters arising out of Travel Zap's rendering or failure to render travel services, whether assumed as a duty or through contract.

WHEREFORE, Plaintiff respectfully requests this Honorable Court find and declare as follows:

    a.     The Travel Agents and Related Operations Exclusion Endorsement applies;

    b.     Mid-Century has no duty to defend or indemnify Travel Zap for the Ewen Suit; and

    c.     Any other relief this court deems just and equitable.

## COUNT II

24.     Plaintiff repeats and realleges as though fully set forth herein Paragraphs 1-18, inclusive of the General Allegations as Paragraphs 1 through 17 inclusive of this Count Two and further states:

25.     The Mid-Century Policy provides in pertinent part as follows:

BUSINESSOWNERS LIABILITY COVERAGE FORM

A.     Coverages

***Section 1. – Business Liability***

**b.** This insurance applies:

      (1)     To "bodily injury" and "property damage" only if:

           (a)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

           (b)     The "bodily injury" or "property damage" occurs during the policy period.

**Ex. 2**.

26.     The Mid-Century Policy defines "occurrence" as follows:

**F**. **Liability and Medical Expenses Definitions**

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**Ex. 2**.

27.     The Underlying Complaint does not seek damages for bodily injury, property damage or personal and advertising injury resulting from an occurrence as defined by the policy.

28.     Accordingly, the Underlying Complaint does not seek damages that fall within the coverage grant of the Mid-Century Policy.

WHEREFORE, Plaintiff respectfully requests this Honorable Court find and declare as follows:

a. The Underlying Complaint does not seek damages for bodily injury, property damage or personal and advertising injury resulting from an occurrence as defined by the Mid-Century Policy;

b. Mid-Century has no duty to defend or indemnify Travel Zap for the Ewen Suit; and

c. Any other relief this court deems just and equitable.

## COUNT III

29. Mid-Century re-states and re-alleges paragraphs 1-18 of the Complaint as if fully set forth herein.

30. The Mid-Century Policy further provides the following Professional Services Exclusion:

**j. Professional Services**

"Bodily injury", "property damage", "personal injury" or "advertising injury" due to rendering or failing to render any professional service. This includes, **but is not limited to:**

(1)     Legal, accounting or advertising services;
(2)     Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;
(3)     supervisory, inspection or engineering services;
(4)     Medical, surgical, dental, x-ray or nursing service, treatment advice or instruction;
(5)     any health or therapeutic service treatment, advice or instruction;
(6)     any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;
(7)     optometry or optical or hearing aid services, including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;
(8)     body piercing services; and
(9)     services in the practice of pharmacy, but this exclusion does not apply to an insured whose operations include those of a retail druggist or drugstore.

**Ex. 2.**

7

31.     The Complaint alleges that Travel Zap failed to perform professional services in relation to the travel accommodations made on behalf of the Plaintiff's decedent.

WHEREFORE, Plaintiff respectfully requests this Honorable Court find and declare as follows:

a.     The Professional Services Exclusion applies to the claims presented by the Underlying Complaint

b.     Mid-Century has no duty to defend or indemnify Travel Zap for the Ewen Suit; and

c.     Any other relief this court deems just and equitable.

## COUNT IV

32.     Mid-Century re-states and re-alleges paragraphs 1-18 of the Complaint as if fully set forth herein.

33.     The Mid-Century Policy further provides the following Personal and Advertising Injury Coverage Amendatory Endorsement in pertinent part:

**p. Personal and Advertising Injury**

This insurance does not apply to "personal and advertising injury":

(e)     For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in absence of the contract or agreement;

(f)     Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement";

(g)     Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your advertisement…

**Ex. 2.**

8

34.     The Underlying Complaint alleges that Travel Zap advertised in their Travel Agreement that they would take all reasonable steps to ensure that proper arrangements were made.

35.     The Estate further argues that Travel Zap failed to conduct appropriate inspection of the premises by not ensuring that a functioning defibrillator was available on the premises.

WHEREFORE, Plaintiff respectfully requests this Honorable Court find and declare as follows:

    a.    The Personal and Advertising Injury Exclusion Endorsement applies;

    b.    Mid-Century has no duty to defend or indemnify Travel Zap for the Ewen Suit; and

    c.    Any other relief this court deems just and equitable.

## COUNT V

36.     Mid-Century re-states and re-alleges paragraphs 1-18 of the Complaint as if fully set forth herein.

37.     To the extent any punitive damages are awarded in the Ewen Suit, the Mid-Century Policy provides the following exclusion in accordance with Illinois public policy:

**Multiple or Enhanced Damages Exclusion**

1. Applicable to Business Liability Coverage

   This insurance does not apply to:

   r. Multiple or Enhanced Damages Because of "Bodily Injury," "Property Damage," or "Personal and Advertising Injury."

   The enhanced or multiple amounts of damages awarded against any insured including, but not limited to, double or treble damages, whether or not awarded as compensation, because of "bodily injury," "property damages," or "personal and advertising injury."

**Ex. 2.**

9

38.     The Underlying Complaint seeks punitive damages in an amount determined by a jury.

WHEREFORE, Plaintiff respectfully requests this Honorable Court find and declare as follows:

      a.     The damages sought in the Underlying Complaint are excluded from coverage;

      b.     Mid-Century has no duty to defend or indemnify Travel Zap for the Underlying Complaint; and

      c.     Any other relief this court deems just and equitable.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH**

By:     /s/ *Abigail C. Horvat*
          Counsel for Plaintiff
          Mid-Century Insurance Company

Danny L. Worker (ARDC No. 6195554)
Abigail C. Horvat (ARDC No. 6336060)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718/F: (312) 345-1778
Dan.Worker@lewisbrisbois.com
Abigail.Horvat@lewisbrisbois.com